**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

| | |
|---|---|
| **CARRIN DENISE JAMES,** | **BANKRUPTCY CASE NO.: 8:21-bk-00038-MGW** |
| Debtor. _____/ | **CHAPTER 7** |

**TRUSTEE'S APPLICATION TO EMPLOY COUNSEL FOR SPECIAL PURPOSE**

**COMES NOW** Christine L. Herendeen ("the Applicant"), the duly appointed Trustee in the above-styled bankruptcy case, by and through Federal Rule of Bankruptcy Procedure 2014, and hereby requests the authority to employ counsel for special purpose, and in support thereof states:

1. The Applicant has been appointed Trustee of the above-styled estate, and is duly qualified and acting.

2. The Applicant requires the assistance of counsel for special purpose to properly perform the functions of Trustee in maintaining adversary proceedings against certain entities for alleged consumer protection statutory claims and common-law claims on a contingency-fee basis.

3. These are specialized legal issues and the Trustee requires counsel for special purpose to assist with the adversary proceedings. These causes of action and any proceeds from them are property of the bankruptcy estate.

[Space intentionally left blank]

4. The Applicant wishes to employ counsel for special purpose to assist in performing these legal duties necessitated by the administration of the estate. The services of the proposed attorney, acting as counsel for special purpose, will not duplicate those of the Trustee, but are necessary in order for the Trustee to carry out his functions and duties. The Applicant desires to employ Shrader Law, PLLC (the "Attorneys") as counsel for special purpose for the Trustee. The Attorneys have no interest adverse to the estate.

5. The Applicant believes that the retention of the Attorneys is in the best interest of the estate.

6. The adversary proceedings are typically brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

7. The FDCPA and FCCPA both provide for statutory damages up to $1,000 per statute. The TCPA provides for $500 per violative call, or $1,500 per violative call if the violation was knowing and willful.

8. Pursuant to the Applicant's agreement with the Attorneys as counsel for special purpose for the estate, their compensation, subject to this court's review, approval, and an order awarding attorneys' fees, will be on the basis of a modified contingency fee plus costs as follows:

a. The Attorneys shall recover no attorneys' fees or costs unless either: (1) Applicant is a prevailing party in the adversary proceedings or (2) the adversary proceedings and/or related matters result in a settlement that includes a payment to, or other tangible economic benefit for, the bankruptcy estate;

  b. The consumer protection statutes under which the Attorneys propose to bring the adversary proceedings provide for: (i) the payment of Applicant's attorneys' fees and costs by the defendant(s) if Applicant is a prevailing party; (ii) statutory damages; (iii) actual damages; and (iv) punitive damages;

  c. For purposes of 8.b. above, the present reduced hourly rate of partners is $375.00 per hour. Associates and paralegals will also be billed at reduced hourly rates from $250.00 to $325.00 and $135.00 per hour, respectively;

  d. Applicant has agreed to pay the Attorneys': (i) fees and cost awarded as a prevailing party in the adversary proceeding or agreed to as part of a settlement; and, (ii) forty percent (40%) of any actual damages (either awarded by the court or agreed to by the parties) and/or other tangible economic benefit to the bankruptcy estate;

  e. Applicant and the estate shall retain: (i) all Applicant's and entities statutory damages awarded or agreed; and (ii) sixty percent (60%) of any actual damages (either awarded by the court or agreed to by the parties) and/or other tangible economic benefit to the bankruptcy estate.

 **WHEREFORE**, the Applicant requests the entry of an order authorizing her to employ and retain the Attorneys as counsel for special purpose for the estate on the terms and conditions specified herein, with no fees or cost paid to such counsel without further Order of this Court.

Dated: March 11, 2021           Respectfully submitted,

                /s/ Christine L. Herendeen
                **CHRISTINE L. HERENDEEN**
                Chapter 7 Trustee
                PO Box 152348
                Tampa, FL 33684
                Phone: 813-438-3833
                e-mail: clherendeen@herendeenlaw.com

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**In re:**

**CARRIN DENISE JAMES,**

    **Debtor.**

_____/

**BANKRUPTCY CASE NO.: 8:21-bk-00038-MGW**

**CHAPTER 7**

### DECLARATION OF PROPOSED COUNSEL FOR SPECIAL PURPOSE

I, Brian L. Shrader, Esq., declare under penalty of perjury pursuant to the provisions of 28 U.S.C. §1746 that the following statements are true and correct:

1. I, Brian L. Shrader, am a partner in the law firm of Shrader Law, PLLC (collectively "Shrader Law"), which has its principal place of business at 612 W. Bay Street, Tampa, FL 33606. Shrader Law has agreed to provide assistance as counsel for special purpose to the Chapter 7 Trustee, Christine L. Herendeen (the "Trustee"), and I make this declaration in support of an Order authorizing such retention and employment. I have personal knowledge of and am competent to testify to the matters set forth herein.

2. To the best of my knowledge, information and belief, no individual at Shrader Law is related to Carrin Denise James ("Debtor"), including attorneys or accountants, the United States Trustee for Region 21, or any person employed by the office of the United States Trustee in this district, or any other parties in interest herein. To the best of my knowledge, information and belief, no person at Shrader Law holds any interest adverse to any such party in respect to the matter for which they will be engaged.

3. To the best of my knowledge, Shrader Law holds no interest adverse to the Debtor, including her attorneys or accountants; the United States Trustee for Region 21 or any person employed by the Office of the United States Trustee in this District or any other parties in interest herein. Further, Shrader Law does not represent any client that holds any such adverse interest.

4. In preparing this declaration, I reviewed the voluntary petition and bankruptcy schedules that have been filed in this Court. I also compared the information contained in those schedules and lists with information contained in Shrader Law's conflict check system. I have received no information confirming that Shrader Law is currently involved in any matter involving the Debtor.

5. Upon information and belief, Shrader Law has no connection with and holds no interest adverse to the Debtor or estate. Shrader Law has never represented the Debtor.

Page 1 of 3

6. Prior to filing *Trustee's Application to Employ Counsel for Special Purpose* and pursuing any claims through adversary proceedings in this estate, Shrader Law conducted an investigation on behalf of the Trustee to assess any potential consumer protection statutory and common-law claims. The investigation included, without limitation, reviewing a recording from the 341 meeting, reviewing the Debtor's bankruptcy petition, interviewing the Debtor in person or by telephone, and requesting any documents that the Debtor may possess supporting any claims.

7. Shrader Law has received no retainer in this matter and has not been paid fees pre-petition and does not hold a security interest, guarantee or other assurance of compensation for services performed and to be performed in the case.

8. No attorney at Shrader Law has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtor or estate on any matter substantially related to the bankruptcy case.

9. There is no agreement of any nature, other than the shareholder or of counsel agreement of my firm, as to the sharing of any compensation to be paid to the firm.

10. No attorney in the firm has any connection with the United States Trustee, or any employee of that office, or any other parties in interest.

11. Shrader Law seeks to represent Trustee in adversary proceedings and related matters of limited scope against certain entities related to consumer protection statutory and common law claims.

12. Shrader Law, as counsel for special purpose, will seek compensation, subject to approval from this Court, pursuant to the terms of the Application to Employ Counsel for Special Purpose filed by the Trustee. Shrader Law also intends to seek reimbursement of costs, disbursements, and expenses consistent with its regular practices with existing clients.

13. Applications for payment of professional fees and reimbursement of actual expenses will be submitted in accordance with the relevant provisions of the United States Bankruptcy Code and the Bankruptcy Rules, as well as any applicable rules and orders of this Court. Any such payment will be subject to this Courts prior review and approval.

Dated: March 8, 2021

Respectfully submitted,

**SHRADER LAW, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832

_____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@shraderlawfirm.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 11, 2021, a true and correct copy of this pleading has been sent by regular U.S. Mail or e-mail to the following: Shrader Law, PLLC, 612 W. Bay Street, Tampa, FL 33606; U.S. Trustee - Tampa, Timberlake Annex, 501 E. Polk St., Rm. 1200, Tampa, FL 33602; Carrin Denise James, 1835 Crystal Grove Drive, Lakeland, FL 33801; Eva Donohue, Esq., P.O. Box 5074, Lakeland, FL 33807.

/s/ Christine L. Herendeen
Christine L. Herendeen